United States District Court
Southern District of Texas
**ENTERED**
January 29, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE LUIS ONTIBEROS-SILBERIO, | § | |
| Movant, | § | |
| | § | |
| | § | |
| v. | § | Case No. 1:15-cv-213 |
| | § | (Criminal No. B-13-282-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Jose Luis Ontiberos-Silberio's pro se "Motion Under 28 U.S.C. § 2255" (hereinafter, Ontiberos-Silberio's "Motion or § 2255 Motion"). Dkt. No. 1. It is recommended that Ontiberos-Silberio's § 2255 Motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1). Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## I. Jurisdiction

This Court has jurisdiction over Ontiberos-Silberio's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background and Procedural History

On June 3, 2013, Ontiberos-Silberio pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been

convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). *See United States of America v. Jose Ontiberos-Silberio*, No. 1:13cr00282-1, Dkt. No. 33 at 1.[1]   On November 7, 2013, Senior United States District Judge Hilda Tagle sentenced Ontiberos-Silberio to 46 months of imprisonment.  *Id.* at 1-2.  Judgment was entered on December 2, 2013.  CR Dkt. No. 31 at 1.  On December 20, 2013, the Court entered an Amended Judgment to correct a clerical mistake.  CR Dkt. No. 33 at 1.  Ontiberos-Silberio did not file a direct appeal.

On or about December 3, 2015, Ontiberos-Silberio filed his instant § 2255 Motion.  Dkt. No. 1.[2]   In his § 2255 Motion, Ontiberos-Silberio claims that he is entitled to relief pursuant to the "new rule of law" announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Dkt. No. 1 at 1-3.  The Court reviewed Ontiberos-Silberio's § 2255 Motion on December 4, 2015, and issued an Order to Show Cause.  Dkt. No. 5.  In relevant part, the Order to Show Cause stated:

> On the face of the record currently before the Court, Ontiberos-Silberio's § 2255 Motion is untimely.  *See* 28 U.S.C. § 2255(f) (providing a one-year limitations period for the filing of a § 2255 motion). Accordingly, Ontiberos-Silberio is **ORDERED TO SHOW CAUSE** as to why his § 2255 Motion should not be dismissed as untimely on or before January 15, 2016.   If the Government wishes to waive its

---

[1]  Hereinafter, Ontiberos-Silberio's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2]  As Ontiberos-Silberio does not indicate when he placed his § 2255 Motion in the prison mailing system, the Court does not apply the mailbox rule.  *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).  Regardless, even if the Court were to apply the mailbox rule and find that Ontiberos-Silberio mailed his § 2255 Motion sometime in mid-November, his Motion would still be time-barred for the reasons provided below.

limitations defense, it must file a notice to that effect on or before January 15, 2016.  Ontiberos-Silberio is **NOTIFIED** that if he fails to comply with this Order, this civil action will be dismissed.

*Id*. at 1.  The Government did not file a notice informing the Court of a wish to waive its limitations defense.  But, on January 11, 2016, Ontiberos-Silberio filed a timely response to the Order to Show Cause.  Dkt. No. 9.  In his response, Ontiberos-Silberio suggests that he should be allowed to proceed because the new rule of law announced in *Johnson v. United States* "was not available at the time of his conviction."  *Id*. at 1.

### III.  Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude.  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[3] amended 28 U.S.C. § 2255 to provide for a one-year limitations period applicable to motions filed under 28 U.S.C. § 2255.   *See* 28 U.S.C.A. § 2255(f). Pursuant to § 2255(f), the one-year limitation period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

## IV. Discussion

**A.     Ontiberos-Silberio's Reliance on *Johnson v. United States*.**

Ontiberos-Silberio claims that he is entitled to § 2255 relief pursuant to the "new rule of law" announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015).   Dkt. No. 1 at 1-3.   Liberally construing his arguments, he also indicates that his § 2255 Motion is not time-barred because the new rule announced in *Johnson* was

---

[3]  Pub. L. No. 104-132, 110 Stat. 1214 (1996).

previously unavailable to him.  Dkt. No. 9 at 1-2.  That is, he suggests that under § 2255(f)(3), his one-year limitations period will not expire until June 26, 2016, because the Supreme Court decided *Johnson* on June 26, 2015.  *Id.*

In *Johnson*, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), to Samuel James Johnson's sentence.  *Johnson*, 135 S. Ct. 2551, 2555.  The ACCA requires federal courts to impose a minimum fifteen-year term of imprisonment upon repeat offenders who are convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g).  18 U.S.C. § 924(e).  In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony."  18 U.S.C. § 924(e)(2)(B)(i)-(ii).  A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id.*  "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'"  *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges.  Increasing a defendant's sentence under the clause denies due process of law.").  The Supreme Court did not reach the issue of whether its ruling would apply retroactively. *Id.* at 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at *1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in *Johnson* did not address retroactivity).

Recently, however, the Fifth Circuit has determined that *Johnson* does not apply retroactively. *In re Williams*, 806 F.3d 322, 325 (5th Cir. 2015).  Still, other circuit courts of appeal have resolved the retroactivity question differently, and the Supreme Court has granted certiorari in *Welch v. United States* to resolve the issue. *See Welch v. United States*, No. 15–6418, 2016 WL 90594 (U.S. Jan. 8, 2016).

This Court need not wait for a Supreme Court determination regarding the retroactivity of the rule in *Johnson* because the rule in *Johnson* does not apply to Ontiberos-Silberio's conviction or sentence.  As noted above, the Supreme Court in *Johnson* reviewed the lower court's application of § 924(e) to Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555.  In Ontiberos-Silberio's case, the Court did not sentence him pursuant to § 924(e).  In fact, in sentencing him for violating 8 U.S.C. §§ 1326(a) and 1326(b), the Court did not apply any enhancement for the use or possession of a firearm. *See* CR Dkt. No. 19 (Final Presentence Investigation

Report); CR Dkt. No. 34 at 1 (Statement of Reasons, adopting the Final Presentence Investigation Report "without change"); CR Dkt. No. 33 (Amended Judgment).

Ontiberos-Silberio's Final Presentence Investigation Report ("PSR") gave him a "total offense level of 21 and a criminal history category of III," and stated that the advisory guideline "range for imprisonment" was 46 to 57 months.  CR Dkt. No. 19 at 11.  In calculating his base offense level and special offense characteristics, the PSR applied § 2L1.2(a) and § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines ("U.S.S.G").  *Id*. at 4.  In calculating his criminal history score, the PSR applied U.S.S.G. § 4A1.1(c)-(d).  *Id*. at 5-8.  The Court adopted the PSR without change and imposed a 46-month sentence of imprisonment, a sentence which was at the low end of the advisory guideline range.  CR Dkt. No. 34 at 1; CR Dkt. No. 33 at 2.  Thus, even if the Supreme Court were to decide that the rule in *Johnson* applies retroactively, the rule would not provide Ontiberos-Silberio with a claim because the District Court did not apply § 924(e) when it sentenced him.

Relatedly, even the rationale supporting the rule in *Johnson* does not apply to provide Ontiberos-Silberio with relief.  Some courts have noted that § 4B1.1 of the U.S.S.G., the "career offender provision," contains a residual clause that is substantively identical to the residual clause in the ACCA.  *See, e.g., United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015) (per curiam) ("For our purposes, the [ACCA] definition for a 'violent felony' is identical to the career offender guideline definition for a 'crime of violence.'  *Compare* 18 U.S.C. § 924(e)(2)(B)(ii), *with* U.S.S.G. § 4B1.2(a)(2).").  Pursuant to the logic behind the rule in *Johnson*,

then, some courts have suggested that U.S.S.G. § 4B1.1 may also be unconstitutionally vague. *See, e.g., United States v. Williams*, No. 3:04-CR-193-M (01), 2015 WL 9582828, at *2 (N.D. Tex. Dec. 1, 2015), *rec. adopted*, No. 3:04-CR-193-M (01), 2015 WL 9587542 (N.D. Tex. Dec. 28, 2015).

Here, the Court did not sentence Ontiberos-Silberio pursuant to U.S.S.G. § 4B1.1. In calculating his criminal history score, the Court applied U.S.S.G. § 4A1.1(c)-(d). *See* CR Dkt. No. 19 at 5-8 (PSR); CR Dkt. No. 34 at 1 (Statement of Reasons, adopting the PSR "without change"); CR Dkt. No. 33 (Amended Judgment). Neither § 4A1.1(c), nor § 4A1.1(d), has a residual clause resembling the residual clause in the ACCA. *Compare* U.S.S.G. §§ 4A1.1(c)-(d), *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining a "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]").

In calculating Ontiberos-Silberio's base offense level and special offense characteristics, the Court applied U.S.S.G. § 2L1.2(a) and § 2L1.2(b)(1)(A)(ii). *See* CR Dkt. No. 19 at 4; CR Dkt. No. 34 at 1; CR Dkt. No. 33. Section 2L1.2(a) does not have a residual clause resembling the clause in the ACCA. *Compare* U.S.S.G. § 2L1.2(a), *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"). Likewise, § 2L1.2(b)(1)(A)(ii) does not have a residual clause resembling the clause in the ACCA. *Compare* U.S.S.G. § 2L1.2(b)(1)(A)(ii), Application Note (1)(B)(iii) (defining a "crime of violence"), *with* 18 U.S.C.

§ 924(e)(2)(B)(ii) (defining a violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]").

Finally, even if § 2L1.2(b)(1)(A)(ii) had a residual clause resembling the clause in the ACCA (which it does not), the rationale in *Johnson* would not give Ontiberos-Silberio a claim. As his records reveal, in calculating the special offense characteristics of Ontiberos-Silberio's sentence, the Court gave him 16 points for his previous felony conviction for "3rd Degree Criminal Sexual Conduct, a crime of violence[.]" *See* CR Dkt. No. 19 at 4; CR Dkt. No. 34 at 1; CR Dkt. No. 33. Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a prior conviction is defined as a crime of violence if it qualifies as an offense specifically listed in U.S.S.G. § 2L1.2(b)(1)(A)(ii), Application Note (1)(B)(iii). "Statutory rape" and "forcible sex offenses"" are included as listed offenses. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii), Application Note (1)(B)(iii). Forcible sex offenses are defined as including offenses "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced[.]" *Id.*

Ontiberos-Silberio was convicted for 3rd Degree Criminal Sexual Conduct on November 7, 2008, pursuant to Minn. Stat. § 609.3441(b). CR Dkt. No. 20 at 1. According to the complaint filed against him, at the age of 21, Ontiberos-Silberio drugged a 13-year old girl and "had sexual intercourse with her while she was unconscious." *Id.* at 4. Under § 609.344(1)(b), consent is not legally valid if the "complainant is between 13 and 16 years of age and the actor is more than 24

months older than the complainant." *See* Minn. Stat. § 609.344(1)(b) (2006); *State v. Bussmann*, 741 N.W.2d 79, 84 (Minn. 2007) (same).

Thus, because Ontibero-Silberio's victim was below the age of consent in the jurisdiction where he was convicted, his prior conviction for 3rd Degree Criminal Sexual Conduct qualifies as a crime of violence pursuant to the list of enumerated offenses contained U.S.S.G. § 2L1.2(b)(1)(A)(ii), Application Note (1)(B)(iii).   *See United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc), cert. denied —— U.S. ——, 134 S.Ct. 512, 187 L.Ed.2d 365 (2013) (holding that, for purposes of U.S.S.G. § 2L1.2, the generic contemporary meaning of statutory rape sets the age of consent as a person under the age of majority as defined by the statute in the jurisdiction where the prior conviction was obtained); *Bjerke v. Johnson*, 727 N.W.2d 183, 194 (Minn. Ct. App.) *aff'd and remanded*, 742 N.W.2d 660 (Minn. 2007) (citing "Minn. Stat. §§ 609.342–609.345 (2006)" for the proposition that, in Minnesota, children under the age of 16 cannot legally consent to criminal sexual conduct).

**B.   Ontiberos-Silberio's § 2255 Motion is Time-Barred.**   Pursuant to § 2255(f), a defendant's one-year limitation period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

In this case, § 2255(f)(3) does not apply to Ontiberos-Silberio's § 2255 Motion because his reliance on *Johnson* is misplaced, and he has otherwise failed to assert a claim based upon a right, newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review.  Further, Ontiberos-Silberio has not submitted any information invoking § 2255(f)(2) or (4).  Accordingly, § 2255(f)(1) applies to his § 2255 Motion.

Pursuant to § 2255(f)(1), Ontiberos-Silberio's one-year limitations period began to run on the date his conviction became final.  When a defendant does not appeal, the judgment of conviction becomes final on the last day the defendant could have filed a notice of appeal.  *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); *United States v. Scruggs*, 691 F. 3d 660, 669 (5th Cir. 2013).  As Ontiberos-Silberio did not appeal, his conviction became final on December 16, 2013.  That is, 14 days after the entry of his December 2, 2013 judgment.  *See* FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed"); *Ross v. Global Marine*, 859 F.2d 336, 337 (5th Cir. 1988) ("Repeatedly, we have held that the time for appealing from a judgment is measured from the date of entry, or docketing, not the date of signing

by the judge or the date of filing.") (citations omitted).[4]  Thus, Ontiberos-Silberio had until December 16, 2014 to file his instant § 2255 Motion.  Having filed his § 2255 Motion on December 3, 2015, his Motion is almost 12 months late and is, therefore, barred by the AEDPA statute of limitations.

It is well-established that the AEDPA limitations period is strictly construed. *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002) ("Congress has imposed a strict one-year limitations period for the filing of all habeas petitions under the AEDPA, subject only to the narrowest of exceptions.").  Ontiberos-Silberio's § 2255 Motion is just over 11 months late.  Accordingly, his § 2255 Motion should be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1).

## V.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted).  Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find

---

[4]  The Court entered an amended judgment on December 20, 2013, solely to correct a clerical error.  Dkt. No. 33 at 1.  However, even if the Court were to assume that Ontiberos-Silberio's judgment became final on January 3, 2014, 14 days after December 20, 2013, his § 2255 Motion would still be time-barred for the reasons discussed below.

the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.   Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability should not issue in this case because Ontiberos-Silberio has not made a substantial showing of the denial of a constitutional right.

## VI.  Recommendation

It is recommended that Ontiberos-Silberio's § 2255 be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1).  Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-

to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

      Signed this 29th day of January, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge